JOHN  B.  LEWIS,  Appellant,  *v.*  CAREX  CO.,  INC.,
Respondent.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Sales — damages    for    non-delivery — trial — contracts — when
tender of purchase price unnecessary.

The plaintiff's agent, in an action to recover damages for
defendant's failure to deliver to plaintiff eighteen barrels of
formaldehyde according to contract, testified, after an inspec-
tion of the barrels tendered, he informed the president of
defendant that many of them were short in weight, but having
sold all of them to a third party, he would submit the weight
list to his customer and if acceptable to him, there would be
no rejection.   Plaintiff, by his agent, after informing the
president of defendant that the customer refused to accept,
demanded delivery of the merchandise in accordance with the
terms of the written contract which was refused.   *Held,* that
the court should have directed a verdict in favor of plaintiff
and that the denial of a motion for such direction was error;
only the assessment of damages should have been submitted to
the jury.

The defendant having failed to deliver the merchandise
called for by the contract and having refused to make any
further delivery, plaintiff was not required to make any tender
of the purchase price.

APPEAL by plaintiff from a judgment of the Munic-
ipal Court of the city of New York, borough of
Manhattan, first district, in favor of defendant; and
from an order denying plaintiff's motion to set aside
the verdict and for a new trial.

Claude L. Coon (Frederic G. Rita, of counsel), for
appellant.

Teitelbaum & Jaykowsky (Louis Jaykowsky, of
counsel), for respondent.

WAGNER, J.  This action is brought to recover damages which plaintiff claims he suffered because of defendant's failure to deliver certain merchandise in accordance with the terms of a written contract.  The defendant agreed to sell to plaintiff " Eighteen (18) barrels (do not run uniform in weight) usual good merchantable quality Formaldehyde, 40 volume, U. S. P. Greef's Brands, spot, ex store, New York, at Twenty-three (23) cents per pound, payable net cash against delivery order.  Deliverable in good order and condition.  Customary weight and tares."

At the trial it was testified to by witnesses on both sides that the customary weight of a barrel of formaldehyde is a minimum of 400 pounds net.  The plaintiff produced evidence to show that the defendant tendered a delivery order for eighteen barrels of formaldehyde with a weight list and invoice attached.  This weight list showed the barrels in question to be of the gross weight of 5,571 pounds, with tare of 1,061 pounds, making the net weight tendered 4,511 pounds, instead of a net weight of 7,200 pounds, which plaintiff clearly was entitled to receive under the contract of sale.  The day after the receipt of the order plaintiff's agent made an inspection of the barrels tendered. He testified that he informed defendant's president that many of the barrels were short in weight, but that he had sold the said merchandise to a third party and he (the agent) would submit the weight list to plaintiff's customer, and if the weights of the barrels were acceptable to the said customer there would be no rejection.  The customer refused to accept, and defendant's president was so informed.  Plaintiff (through his agent) then demanded that defendant make delivery in accordance with its written contract. **Defendant's president refused to make any other**

Appellate Term, First Department, June, 1920. [Vol. 112.

delivery. The testimony as to this refusal stands uncontradicted.

The defendant's contention at the trial was that as the contract provided for spot payment, namely, that delivery and payment were to be concurrent, and no offer was made by the plaintiff to pay for the merchandise, the defendant was never put in default and plaintiff, therefore, has no cause of action. The defendant also urged that the plaintiff had accepted the goods, but there is no evidence to justify any such finding.

At the close of the case plaintiff's counsel moved for a direction of a verdict which was denied. We think this was error.

The defendant failed to deliver the merchandise the contract called for, and since the defendant refused to make any further delivery, the plaintiff was not required to make any tender of purchase price.

The only question of fact, therefore, to be submitted to the jury was to assess the damages, because there was conflicting evidence as to what the market price of the merchandise was at the time of the breach. The court below should have directed a verdict in favor of plaintiff and submitted to the jury only the assessment of the damages.

GUY and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.